UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY BEASLEY,

                Plaintiff,                Case No. 2:12-cv-202

v.                                                 Honorable Gordon J. Quist

S. HOLMA, ,

                Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Warden Michael W. Curley, Deputy Director T. Finco, Lieutenant D. Perry, Resident Unit Manager Unknown LeClaire, Assistant Resident Unit Supervisor S. Dewar, and Sergeant Unknown Haataja. The Court will serve the complaint against Defendants Guard S. Holma and Nurse Audrey Mills.

**Discussion**

I.        Factual allegations

Plaintiff Randy Beasley, a state prisoner currently confined at the Marquette Branch Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Guard S. Holma, Nurse Audrey Mills, Warden Michael W. Curley, Deputy Director T. Finco, Lieutenant D. Perry, Resident Unit Manager Unknown LeClaire, Assistant Resident Unit Supervisor S. Dewar, and Sergeant Unknown Haataja. Plaintiff alleges that on December 29, 2011, he received a false misconduct ticket from Defendant Holma for interference with the administration of rules. Plaintiff states that the ticket was the result of a grievance Plaintiff filed on Defendant Holma, asserting that Defendant Holma had threatened to kill him or to place him in the I.C.U.

Plaintiff alleges that later the same day, Defendant Holma threatened to "fuck" Plaintiff up. Plaintiff was afraid and took his food slot hostage by hanging his arm outside the slot. Defendant Holma then slammed Plaintiff's arm in the food slot, causing bruises, scrapes, swelling and bleeding. Defendant Haataja arrived on the scene and ordered Plaintiff to take his arm out of the food slot. Plaintiff complied after showing Defendant Haataja his injuries. Shortly thereafter, Defendant Mills looked at Plaintiff's injuries, but refused to call her supervisor or to document the injuries. Defendant Mills gave Plaintiff a bag of ice for his injuries and mockingly told Plaintiff to "have a nice day."

The next morning, Plaintiff filed a medical kite, but was not seen until January 4, 2012, by a nurse who referred Plaintiff to Margaret Comfort, P.A. P.A. Comfort had Plaintiff x-rayed in order to check for fractures. Plaintiff fails to state whether he actually suffered from any fractures or serious injuries. Plaintiff makes a conclusory assertion that Defendants LeClaire, Dewar, Curley, Finch, and Perry knew or should have known of the likelihood that Defendant

Holma would assault Plaintiff, but failed to protect him. Plaintiff seeks damages and equitable relief.

### II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

-3-

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged any specific facts establishing that Defendants Curley, Finco, Perry, LeClaire, Dewar, and Haataja were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Curley, Finco, Perry, LeClaire, Dewar, and Haataja had in this action involve the denial of administrative grievances or the failure to act. Defendants Curley, Finco, Perry, LeClaire, Dewar, and Haataja cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Curley, Finco, Perry, LeClaire, Dewar, and Haataja are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Curley, Finco, Perry, LeClaire, Dewar, and Haataja will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Holma and Mills.

An Order consistent with this Opinion will be entered.

Dated: July 11, 2012                                                /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                             UNITED STATES DISTRICT JUDGE